Giffen, J.
The only question in this case for determination is whether the defendant corporation was properly served with summons in this county. The return is as follows:
“Served the within named defendant, The Eagle Iron & Steel Company, a corporation, by delivering a true copy of *230 this writ, with all the endorsements thereon, personally to Frank O. Graham, agent of said company, no chief officer being found. ”
C. W. Baker and Willard B, Slier, for Plaintiff in Error.
T>. D. Woodmansee, contra.
The provision under which service was had is found in section 5044, Revised Statutes, and is as follows:
“A summons against a corporation may be served upon the president,, mayor, chairman or president of the board of directors or trustees, or other chief officer; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent,”
It does not appear from the return that no chief officer could be found in the county; nor that service was had on a managing agent. If these were the facts, we think the return could be so amended as to show them. It is admitted that no chief officer could be found in the county; but it is denied that Frank O. Graham was the managing agent of the company, and unless he was such agent the motion to set aside and quash the return was rightly sustained.
‘‘Managing agent” has been defined to be ‘‘an agent having general supervision over the affairs of a corporation. ” Anderson’s Law Dictionary; Upper Mississippi Transportation Co. v. Whittaker, 16 Wis., 233. It implies control of the business of a corporation,or at least some part thereof. It was because of such control, exercised by an express agent over the local business of the company, that the supreme court held, in American Express Co. v. Johnson, 17 Ohio St., 641, that he was a managing agent.
The testimony shows that Mr. Graham solicited orders for goods, and when a proposition was accepted he submitted it for approval by the defendant, and that the contract sued on, although negotiated by him, was finally closed by plaintiff and defendant.
It is true that the defendant, in its letter of March 28, 1899, to Mr. Charles W. Baker, designates Mr. Graham as ‘‘our Cincinnati agent;” but that is no more definite than the return itself, and there is no other testimony showing that he had control or supervision over the affairs of the defendant corporation, or any portion thereof.
Judgment affirmed,